IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,
v.

                                                                     OPINION and ORDER

GARY BOUGHTON, SCOTT RUBIN-ASCH,
MARK KARTMAN, DR. SCHWINN, MS. MINK,                19-cv-1001-jdp
DR. HOEM, DR. JOHNSON, and
LEBBEUS BROWN,

                Defendants.

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that defendant prison officials failed to treat his mental health problems. Turner seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court. But he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury.

I conclude that none of Turner's claims meet the imminent-danger standard because his allegations concern defendants' failure to provide medical care in the past, and he acknowledges that he is currently being treated by a doctor and that he is receiving psychotropic medication for his problems. Because Turner does not qualify for indigent status under § 1915(g), he cannot bring this lawsuit unless he prepays the entire $400 filing fee for this case. Therefore, I will dismiss this case without prejudice. If Turner submits the remainder of the fee he owes by the deadline set below, I will reopen the case.

ALLEGATIONS OF FACT

Turner alleges that he has been diagnosed with several Axis II disorders, including personality disorder with paranoid and antisocial features, and that long ago he was prescribed medications for those problems. But through much of his time at WSPF, staff refused to provide him with any mental health treatment even though he was placed in long-term segregation, which he says exacerbated the illness. Eventually Turner became severely depressed and he suffered anxiety attacks. In early 2019, Turner's severe depression and anxiety kept him from getting out of bed, even to go to a psychological services appointment that was eventually scheduled for him, or to go to an off-site medical appointment for his foot pain for an unrelated injury. Despite his mental health problems that caused him to miss these appointments, WSPF staff called his absences "refusals" and they did not immediately reschedule the appointments. In April 2019, Turner accused another inmate of conspiring with staff against him, leading to Turner starting a fight with the inmate. I take Turner to be saying that his paranoia caused him to fight with the inmate.

In May 2019, Turner won a grievance about the delay in receiving mental health treatment. Turner began receiving treatment from a psychiatrist, who diagnosed him with post-traumatic stress disorder and major depressive disorder, and who prescribed him psychotropic medication for those problems.

ANALYSIS

Turner seeks leave to proceed in forma pauperis in this case. But as stated above, he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Turner has brought actions that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Turner v. Boughton*, No. 17-cv-203-jdp, 2020 WL 1139833, at *1–2 (W.D. Wis. Mar. 9, 2020) (discussing Turner's three-strike status). Therefore, he cannot proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Turner doesn't meet the imminent-danger standard because although he alleges that WSPF staff failed to provide him with any mental health treatment over at least a three-year period, he also alleges that he eventually won a grievance about delay in treatment and that he is now under the care of a psychiatrist and he is receiving medication to treat his problems. His allegations of mistreatment by WSPF officials are about *past* harm done to him, and he does not attempt to bring claims about his current treatment. So he is barred from proceeding in forma pauperis on his claims. I will dismiss this case without prejudice. If Turner pays the remainder of the filing fee he owes by the deadline set below, I will reopen the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Turner submits the remainder of the $400 filing fee for this case by June 9, 2020.

Entered May 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge