IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                          Plaintiff,

    v.                                                  OPINION and ORDER

KEVIN KALLAS and ANGELA MINK,               19-cv-1001-jdp

                          Defendants.

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that defendant prison officials failed to treat his mental health problems in various ways. In particular, Turner alleges that correctional officers refused to intervene in suicidal inmates' pleas for help; prison policies and practices caused staffing shortages resulting in treatment delays and prevented outside providers from obtaining Turner's treatment records; and defendant Angela Mink failed to follow up with Turner for months on his reports of depression and anxiety. I granted defendants' motion for summary judgment on exhaustion grounds in part, dismissing Turner's claims about correctional officers' refusal to intervene in suicidal inmates' pleas for help and his claim about Psychological Services Unit (PSU) staff preventing outside providers from obtaining his treatment records. Dkt. 30.

Turner has filed a motion that he calls one for reconsideration and to alter or amend the judgment under Federal Rules of Civil Procedure 59 or 60. Dkt. 33. No judgment has yet been entered in the case so Rules 59 and 60 do not apply. Requests for reconsideration of interlocutory orders are "governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason" for it. *Santamarina v. Sears, Roebuck & Co.*, 466

F.3d 570, 572 (7th Cir. 2006). I will grant Turner's motion in part and reinstate his claims about staff failing to heed his warnings of self-harm.

**A. Correctional officers' disregard of threats of self-harm**

Turner brought claims that WSPF correctional officers refused to intervene in suicidal inmates' pleas for help until the inmates actually harm themselves. In particular, in November 2019 defendants Correctional Officer Roth and Sergeant Schneiter ignored Turner's threats of self-harm and delayed in getting him help after he overdosed on pills. And in March 2020, Sergeant Mutiva disconnected the intercom and refused to call a supervisor. Turner also brought claims against various supervisory officials for failing to address the ongoing problem after he complained.

I granted defendants' motion for summary judgment on exhaustion grounds regarding these claims because Turner didn't fully exhaust the DOC Inmate Complaint Review System (ICRS) grievances he filed about the November 2019 and March 2020 incidents: he failed to appeal the dismissal of each of those grievances. Dkt. 30, at 5 (discussing grievance Nos. WSPF-2019-20919 and WSPF-2020-4590). In his motion for reconsideration, Turner contends that he did all he could to exhaust those grievances, because both of them were dismissed for raising issues that could not be addressed in the ICRS grievance system. In both instances, the institution complaint examiner sent Turner a memo stating that she could not investigate allegations of staff misconduct, and if he wished to proceed with his complaint, he would have to do so by submitting a statement "outside of the [grievance system] and it will be investigated by a Security Supervisor." Dkt. 34-1, at 2; Dkt. 34-2, at 2. In recommending dismissal of each grievance, the examiner stated that Turner completed the statement she had discussed in her memo and that the matter would be forwarded to be processed under Division

of Adult Institutions Policy 310.00.01 instead of the inmate grievance system, Dkt. 34-1, at 3; Dkt. 34-2, at 3. The reviewing authority then dismissed each grievance, noting "forward for investigation." Dkt. 34-1, at 4; Dkt. 34-2, at 4.

Prisoners are required to exhaust only those administrative remedies that are "available" to them. 42 U.S.C. § 1997e(a). Turner argues that the ICRS system wasn't truly available to him, because the ICRS examiners concluded that his complaints should be handled in a parallel system under DAI Policy 310.00.01. Turner adds that he complied with the request that he submit statements for use in the investigation under that parallel system.

In response, defendants argue that this precise argument was "squarely rejected" in *Pavey v. Conley*, 663 F.3d 899 (7th Cir. 2011). Defendants are incorrect. In *Pavey*, the prisoner failed to file a timely grievance about alleged excessive force, but he did participate in an internal-affairs investigation. The court concluded that participation in an internal-affairs investigation alone would not suffice to exhaust a grievance because prisoner cannot "pick and choose how to present their concerns to prison officials." *Id.* at 905. But the court went on to say that "if prison officials misled Pavey into thinking that by participating in the internal-affairs investigation, he had done all he needed to initiate the grievance process," the grievance system wouldn't have been "available" to him. *Id.* at 906.

*Pavey* was a case involving the particular contours of the Indiana grievance system so it is of only limited use to this case about the Wisconsin rules. But in any event, *Pavey* restates the concepts that (1) prisoners must follow the prison's administrative grievance procedures; and (2) staff can render remedies unavailable by misleading prisoners about how to exhaust those procedures. The grievance records here show that Turner followed the guidance from examiners stating that his grievances couldn't be brought in the ICRS system and that he

3

should instead give statements to an investigator under the parallel DAI Policy 310.00.01 system, which he did. Turner has submitted a copy of DAI Policy 310.00.01. Dkt. 36-1. It suggests that staff didn't *mislead* him about the proper course of action as contemplated in *Pavey*, but rather that it was correct for the examiners to shut down Turner's ICRS grievances. But whether staff correctly or incorrectly interpreted their policies, the effect is the same: Turner followed staff's directives for how to address his complaints, so the ICRS system was not available to him. And defendants do not otherwise argue that Turner failed to exhaust the steps available to him under the DAI Policy 310.00.01 system. I will grant Turner's motion for reconsideration on this set of claims and reinstate those claims to this lawsuit.

**B. Psychological Services Unit policies**

Turner also brought claims about PSU policies causing staff to block outside providers from obtaining his treatment records. I granted defendants' motion for summary judgment on these claims because Turner failed to appeal the denial of grievance No. WSPF-2020-3852 and he filed grievance No. WSPF-2020-22432 after both his original and his amended complaints in this lawsuit. Dkt. 30, at 7.

Turner contends that he in fact exhausted both of these grievances. It is undisputed that he exhausted the '22432 grievance, but regardless it cannot serve to exhaust his claims for purposes of this lawsuit because he filed that grievance after he filed his complaints. As for the '3852 grievance, there is no evidence to support Turner's conclusory statement that he exhausted it. The DOC grievance records show that he did not appeal it and Turner does not explain how this is incorrect. Turner also says that staff lied in responding to the '3852 grievance that he had been forwarded the form necessary to amend his medical records, but

4

that is irrelevant to the exhaustion issue; Turner could have appealed the dismissal of this grievance if he was dissatisfied with the response, but he did not.

Turner argues that his complaints about his medical records are a continuing problem that he has long complained about and he notes that in my previous order I stated that "the sheer age of a grievance is not necessarily dispositive to the question whether it can serve to exhaust a particular claim." Dkt. 30, at 6. But Turner does not point to any older grievances that address the issue about his medical records failing to be shared with outside providers. He mentions grievance No. WSPF-2015-22443, but he has not submitted sufficient evidence to show that this grievance exhausted his claim. From the limited material Turner presents about that grievance—his briefing and an examiner's decision—that grievance was not directly about the completeness of his medical records. As part of a ruling about Turner's treatment and placement in solitary confinement, the examiner noted that medical staff disagreed with Turner's statement that he had previously been diagnosed with Schizotypal Personality Disorder. Dkt. 26-1, at 1. But that statement is not enough to show that Turner filed a grievance "alert[ing] the prison to the nature of the wrong for which redress is sought" with regard to his claim about outside providers being denied Turner's full medical record. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). So the '22443 grievance does not exhaust his claim.

Turner also suggests that as with his grievances about his threats of self-harm, the ICRS system was unavailable to him for grievances about his treatment records because staff misconduct was investigated through DAI Policy 310.00.01 instead. But unlike the grievances about self-harm, the ICRS examiners considered his grievances about prison records; there is no evidence that the ICRS system was unavailable to him for grievances on this issue. I will

5

deny Turner's motion for reconsideration regarding the dismissal of his claims about his medical records.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner's motion for reconsideration of the court's September 22, 2021 order, Dkt. 33, is GRANTED in part.

2. The case is now proceeding on the following claims:

    - An Eighth Amendment official-capacity claim against defendant Kallas about prison policies and practices causing Psychological Services Unit staffing shortages that resulted in treatment delays.

    - Eighth Amendment claims against defendants Roth, Schneiter, Mutiva, Brown, Kartman, and Boughton regarding the failure to address warnings about self-harm.

    - An Eighth Amendment claim against defendant Mink for failing to follow up with Turner for months on his reports of depression and anxiety.

Entered December 20, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge