IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,                                      ORDER

     v.

                                                   19-cv-1001-jdp

GARY BOUGHTON, *et al.*,

                Defendants.

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that defendant prison officials failed to treat his mental health problems in various ways, including by refusing to intervene after he threatened to harm himself. Several motions are before the court:

Defendants have filed a motion to compel discovery regarding Turner's responses to several of their interrogatories and requests for production of documents, dkt. 44. In particular, defendants are not satisfied that Turner responded to their interrogatories about specific interactions with defendants by stating that he already has detailed those interactions in his original complaint, dkt. 44-1, at 9-10. Defendants say that they will accept those responses if (1) Turner agrees that his amended complaint, dkt. 13, is the proper source of his version of events (dkt. 13 is the operative complaint and it is verified under penalty of perjury); and (2) if the court bars Turner from adducing any other evidence about those events.

Turner agrees that his amended complaint contains the version of events that he considers responsive to the interrogatories, so that issue is resolved. I will deny defendants' motion for an order barring Turner from submitting additional evidence later in the case because he wasn't required to produce other evidence to bolster his narrative account responding to the interrogatories. But if Turner later submits evidence that materially changes the account he gave in his interrogatory responses, then defendants remain free to seek exclusion of that evidence.

As for defendants' requests for production of documents, Turner objected that the information that defendants sought–evidence about the times he notified them that he would harm himself and all communications with defendant Mink about psychological services–is in the form of prison records and audio or video recordings, all of which already are under defendants' control, and some of which they would not release to him. Defendants accept this answer. But they also seek an order barring Turner from using any documents not already contained in their own responses to Turner's own discovery requests addressed to them. I will deny that portion of defendants' motion.

It's unclear whether there is really a dispute here because the parties seem to agree about the scope of Turner's evidence. But in any event, the scope of admissible evidence isn't frozen at the point at which a party first requests production of documents from the other party. That said, if defendants later feel that they've been sandbagged by Turner's submission of evidence that he had in his possession before his own requests for production of documents, then they may seek to exclude that evidence. But as a general matter, this court would need a compelling reason to bar a pro se plaintiff from submitting the state's own prison records as evidence.

Defendants also have filed a motion to stay the schedule pending the outcome of their motion to compel. This order resolves that motion to compel. I will grant defendants' motion to stay and set the following new deadlines: defendants' new expert-disclosure deadline is **October 7, 2022**. Defendants' new deadline to file a dispositive motion (and to respond to plaintiff's previously filed motion for summary judgment) is **October 14, 2022**. Plaintiff may have until **November 14, 2022**, to file his reply to his own motion for summary judgment and his opposition to defendants' motion for summary judgment if they file one. Defendants may have until **November 30, 2022** to file a reply in support of their motion.

Turner has filed a motion to compel defendants to disclose additional bodycam footage of his interactions with them on November 26, 2019, dkt. 49. It is undisputed that defendants initially disclosed some footage then later disclosed more after Turner indicated that it was incomplete. Turner says that there is still a portion of this interaction with no accompanying footage; defendants respond that they have disclosed all the footage they have, but they will ask the litigation coordinator to check again if the court so directs. I am so directing.

Turner followed by filing a motion for sanctions against defendants for spoliation of the bodycam footage that Turner believes existed, dkt. 55, along with another motion to compel discovery concerning bodycam footage and other issues, dkt. 56. I will direct defendants to respond to these motions.

## ORDER

It is ORDERED that:

(1) Defendants' motion to compel discovery, dkt. 44, is DENIED.

(2) Plaintiff's motion to compel discovery, dkt. 49, is GRANTED IN PART. Defendants may have until October 3, 2022, to search for additional bodycam footage and report whether they have found more footage.

(3) Defendants may have until October 3, 2022, to respond to plaintiff's second motion to compel and motion for spoliation sanctions. Plaintiff may have until October 10, 2022, to file a reply.

(4) Defendants' motion to stay the schedule, dkt. 63, is GRANTED. The schedule as amended as set forth in the opinion above.

Entered this 20th day of September, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge