IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,

  v.

GARY BOUGHTON, LEBBEUS BROWN,
MARK KARTMAN, KEVIN KALLAS,
MICHAEL ROTH, STEPHEN SCHNEITER,
MATTHEW MUTIVA, and ANGELA MINK,

                Defendants.

OPINION and ORDER

19-cv-1001-jdp

---

    Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that defendant prison officials failed to treat his mental health problems in various ways. Turner has filed a motion for Rule 11 sanctions against defendants and a motion asking me to reconsider the claims on which I allowed him to proceed in my order screening his complaint.

**A. Motion for sanctions**

    I previously granted defendants' motion for summary judgment on exhaustion grounds in part, dismissing Turner's claims about correctional officers' refusal to intervene when he warned them that he would harm himself and his claim about Psychological Services Unit staff preventing outside providers from obtaining his treatment records. Dkt. 30. But I later granted Turner's motion for reconsideration in part and reinstated his claims about correctional officers failing to heed his warnings of self-harm. Dkt. 41.

    Turner has followed up with a motion for sanctions against defendants under Federal Rule of Civil Procedure 11, contending that they "presented false and misleading evidence" in support of their exhaustion motion by submitting Turner's Inmate Complaint Review System

(ICRS) grievance history report indicating that two of his grievances relevant to the claims about his warnings of self-harm had not been appealed to the complaint corrections examiner. Dkt. 42, at 7. I initially granted defendants' exhaustion motion because Turner had not appealed the dismissals of those grievances. Dkt. 30, at 5.

There isn't any indication that this evidence is false: the parties do not dispute the authenticity of the grievance history report or the fact that the shading on the report indeed indicates that Turner did not appeal the initial ruling on those grievances. But Turner argues that that evidence is misleading for the same reason that I later reconsidered my ruling on exhaustion: it was not actually necessary for Turner to appeal those grievance dismissals because his grievances were not dismissed on the merits; the examiner instead routed the grievances through a parallel system under DAI Policy 310.00.01 for complaints of staff misconduct. I concluded that because Turner followed staff's directives for how to address his complaints, the ICRS system was not available to him, so defendants' exhaustion motion failed on those claims. Dkt. 42, at 2–4.

In response, defendants argue that they did not explicitly raise the failure-to-appeal issue that I focused on in initially granting their exhaustion motion; instead they argued that Turner could not have exhausted the first of his two relevant ICRS grievances by the time he filed his complaint because that grievance was dismissed after he filed his complaint. *See* Dkt. 20, at 3 (citing *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("[b]y its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit" (emphasis in original)).

Defendants are correct that I, not they, couched the issue as Turner's failure to appeal his grievances, but this largely misses the point of Turner's motion for sanctions. Regardless

the precise nature of Turner's failure to comply with each step of the ICRS process, I take Turner to be arguing that defendants should not have based its exhaustion motion on the ICRS process at all because his grievances ended up being routed through the parallel DAI staff-misconduct policy.

The routing of Turner's grievance through the parallel DAI process was reason enough for me to grant his motion for reconsideration and conclude that defendants' exhaustion motion failed on certain claims. But that doesn't mean that defendants should be sanctioned under Rule 11. Under Rule 11(b), defendants were free to raise arguments "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The argument defendants made was nonfrivolous: on the face of it, Turner had indeed failed to fully exhaust his ICRS grievance by the time he filed his complaint, and there was no binding caselaw directly addressing the uncommon factual circumstances present here, with two parallel grievance-resolution systems involved. Because defendants' argument was well within Rule 11's limits, I will deny Turner's motion for sanctions.

**B.  Motion for reconsideration of screening order**

Turner has filed a motion for reconsideration of my order screening his amended complaint. Dkt. 51. I granted Turner leave to proceed solely on claims under the Eighth Amendment. *See* Dkt. 15, at 2–4. Turner points out that in the section of his amended complaint titled "Claims Raised Herein," he also stated that defendants "were grossly negligent" by "deny[ing] plaintiff any medical psychological treatment," "[e]ncouraging plaintiff to harm himself," "allow[ing] plaintiff's mental health to become progressively worse," and "fail[ing] to take any preventative measures to stop the plaintiff from engaging in self-

harming behavior." Dkt. 13, at 4–5. That is enough to show that Turner intended to bring state law claims against defendants in his amended complaint.

In his motion for reconsideration, Turner alternatively calls his state-law claims either negligence or gross negligence claims. Gross negligence is no longer a cause of action in Wisconsin. *See Heritage Farms, Inc. v. Markel Ins. Co.*, 2009 WI 27, ¶ 39, 316 Wis. 2d 47, 762 N.W.2d 652 ("The concept of 'gross negligence,' however was abolished by this court in 1962."). I will consider Turner's claims under an ordinary negligence theory. Under Wisconsin law, a claim for negligence "requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Turner's allegations support negligence claims for the same reasons that they support Eighth Amendment claims. So I will grant Turner's motion for reconsideration and allow him to proceed on negligence claims against the defendants whom I allowed him to proceed against in their individual capacities when I screened his amended complaint. That does not include the claim for injunctive relief against defendant Kevin Kallas in his official capacity; the doctrine of sovereign immunity prohibits federal courts from enjoining state officials under state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). Nor does it include defendant Angela Mink. Turner's Eighth Amendment claim against her was not part of his amended complaint; I consolidated the claim against Mink into this case from Case No. 17-cv-203-jdp. *See* Dkt. 29.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn Turner's motion for sanctions, Dkt. 42, is DENIED.

2. Plaintiff's motion for reconsideration of the order screening his amended complaint, Dkt. 51, is GRANTED.

3. Plaintiff is now GRANTED leave to proceed on the following claims:

    - An Eighth Amendment official-capacity claim for injunctive relief against defendant Kallas.

    - Eighth Amendment individual-capacity claims and state-law negligence claims against defendants Roth, Schneiter, Mutiva, Brown, Kartman, and Boughton.

    - An Eighth Amendment claim against defendant Mink.

Entered October 3, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge