IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                            Plaintiff,

   v.

GARY BOUGHTON, LEBBEUS BROWN,
MARK KARTMAN, KEVIN KALLAS,
MICHAEL ROTH, STEPHEN SCHNEIDER,
MATTHEW MUTIVA, and ANGELA MINK,

                            Defendants.

OPINION and ORDER

19-cv-1001-jdp

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner contends that defendant prison officials failed to treat his mental health problems in various ways, in particular alleging that Psychological Services Unit staffing shortages caused severe delays in his treatment, that correctional officers twice refused to intervene when he told them that he had thoughts of self-harm, and that a psychological unit staffer delayed in attempting to treat him. I granted summary judgment to defendants on most of Turner's Eighth Amendment and Wisconsin-law negligence claims. Dkt. 126. The case is proceeding to trial on Turner's Eighth Amendment claim against defendant Angela Mink for failing to follow up with him for months on his reports of depression and anxiety. This order addresses a number of filings by Turner.

A. Motion for reconsideration

Turner has now filed what he calls a motion to alter or amend the judgment, citing Federal Rule of Civil Procedure 60. Dkt. 128.[1] Because judgment has not yet been entered in

---

[1] Turner moves to strike defendants' opposition brief as untimely. Dkt. 137. The court inadvertently set two different briefing schedules on Turner's motion, first giving defendants

this case, Turner's motion isn't directly governed by either Rule 59 ("New Trial; Altering or Amending a Judgment") or Rule 60 ("Relief from a Judgment or Order"). Rather, I must evaluate his motion under Rule 54(b), which provides that an order "may be revised at any time before the entry of judgment." But as with motions brought under Rule 59(e), this court may grant a Rule 54(b) motion to correct a manifest error of law or fact or to present newly discovered evidence. *Woods v. Resnick*, 725 F. Supp. 2d 809, 828 (W.D. Wis. 2010); *accord Hellige v. Wal-Mart, Inc.*, No. 20-CV-455-DWD, 2020 WL 6149817, at *2 (S.D. Ill. Oct. 20, 2020) ("The standards applied under both Rule 59(e) and Rule 54(b) are virtually identical."). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Turner contends that I incorrectly applied the law in granting summary judgment to defendants on his claims directly about two incidents—on November 26, 2019, and March 7, 2020—in which Turner told officials that he had thoughts of self-harm. I concluded that his claims about both incidents should be dismissed because he failed to show that he was harmed by defendants' actions, citing *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) ("risk is not compensable without evidence of injury"). Dkt. 126, at 12. Turner states that he ingested about 40 ibuprofen tablets and two sumatriptan tablets during the November 2019 incident, but he failed to show that he was harmed by the overdose: his belief that the high glucose result on his toxicology test was caused by the overdose was speculation that no reasonable jury could

---

until September 8 to respond, Dkt. 129, and then shortly thereafter setting a September 19 deadline, *see* unnumbered September 5, 2023 docket entry. Defendants responded on September 19, perhaps under the reasonable assumption that the second deadline replaced the first. Because defendants filed their response by the second deadline set by the court, it isn't untimely and I will deny Turner's motion to strike it.

use to infer that he was injured, and his other symptoms—sharp abdominal pains, nausea, lightheadedness, a brief period of high blood pressure, and diarrhea—were not severe enough to support an Eighth Amendment claim. *Id.* at 13–14 (citing *Lord*, 952 F.3d at 905 ("minor scratches, quickly and easily treated with a gauze bandage"); *Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) ("Vomiting, in and of itself, is not an uncommon result of being mildly ill, and, absent other circumstances . . . does not amount to an objectively serious medical condition."); *Madlock v. Shannon*, No. 19-cv-410-jdp, 2021 WL 980916, at *2 (W.D. Wis. Mar. 16, 2021) ("[A] single incident of vomiting and feeling 'a little lightheaded' . . . don't rise to the level of a constitutional harm."). Turner did not seriously harm himself during the March 2020 incident.

Turner argues that he did not need to show a serious injury to win on a claim for nominal and punitive damages and injunctive relief, citing cases like *Thomas v. Illinois*, 697 F.3d 612, 614–15 (7th Cir. 2012) (prison conditions may violate Eighth Amendment if they cause serious physical, psychological, or probabilistic harm), and *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) ("Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights."). But those cases predate *Lord* and are not self-harm cases; rather they involve exposure to potentially dangerous conditions like unsafe working conditions or rodent infestation, not discrete incidents of alleged failures to protect an inmate from self-harm. The court of appeals has repeatedly applied the *Lord* standard in self-harm cases. *See, e.g.*, *Douglas v. Schwartz-Oscar*, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) ("the district court properly entered summary judgment because 'minor scratches' are not cognizable harms under the Eighth Amendment."); *Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) (prisoner

3

cannot succeed on a claim for damages based on a risk that did not come to pass). Turner does not persuade me that I erred in applying it here. He failed to show that he suffered a compensable injury in either incident, so I correctly dismissed his claims for damages.

As for Turner's contention that his claims should have survived because he sought injunctive relief, he argues that he brings an Eighth Amendment claim under the theory that WSPF staff "created a hazard" with their practice of waiting to respond to inmates' complaints of suicidal thoughts until they actually harmed themselves. Dkt. 128, at 4. I agree that a plaintiff would be able to proceed on a claim for injunctive relief when he faces an ongoing risk of harm even if he hasn't actually been harmed yet. *See Thomas*, 697 F.3d at 614 ("physical injury is not a filing prerequisite . . . because the prisoner can still obtain injunctive relief." (internal quotations and alterations omitted)). But I addressed this theory in my summary judgment opinion, stating in relevant part:

> If what Turner seeks is a permanent injunction against a practice of staff refusing to help suicidal inmates until they actually harm themselves, that claim also fails. Even resolving all factual disputes in Turner's favor, he has at most shown years-old isolated instances in which certain staff members have refused to assist him. And even in the March 7, 2020 incident, another sergeant ultimately did assist Turner without Turner harming himself, undermining his assertion that the unit staff wouldn't help inmates until they harmed themselves. Turner also concedes that he was placed in observation at least one other time during his time in the unit, with no indication that he harmed himself before being placed there. Because he fails to show that he faces irreparable harm without injunctive relief, I will grant summary judgment to defendants on this aspect of Turner's claims.

Dkt. 126, at 16 (citations omitted). Nothing in Turner's motion for reconsideration persuades me that I was incorrect in concluding that he failed to show that he faced irreparable harm, so I will deny his motion for reconsideration on that part of his claims.

4

Turner also contends that I erred by engaging in fact finding and making credibility determinations in ruling on defendants' summary judgment motion. He is incorrect. In my opinion I properly construed all material factual disputes in Turner's favor. But not all the facts in the record supported Turner's claims: Turner did not produce evidence disputing all of defendants' accounts of the events, nor did he have the medical expertise necessary to draw inferences about his toxicology results supporting his belief that his overdose caused any particular test result. Because Turner fails to show that I erred in my factual determinations, I will deny his motion for reconsideration on this ground.

**B.  Motions for injunctive relief**

Turner filed a "Motion for Emergency Injunction," stating that prison officials placed him in segregation to retaliate against him for this lawsuit, and barred him from possessing his legal materials for this case. Dkt. 130. Turner quickly followed with a motion to withdraw his previous motion because staff returned his legal files to him. Dkt. 131. But in that second filing he now seeks an order directing the WSPF warden to show cause why Turner has been placed in solitary confinement or to release him to general population.

I will deny Turner's motion because this court generally does not intervene in prison officials' placements of inmates, and because any claim that Turner might have about being placed in segregation for retaliatory reasons is beyond this scope of this lawsuit. But I note that with the December 11 trial date approaching, I expect counsel for defendants and prison officials to work together to ensure that Turner promptly receives the documents that will be filed by defendants or issued by the court in preparation for trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn Turner's motion to strike defendants' brief opposing his motion for reconsideration, Dkt. 137, is DENIED.

2. Plaintiff's motion for reconsideration, Dkt. 128, is DENIED.

3. Plaintiff's motion for injunctive relief, Dkt. 130, is WITHDRAWN.

4. Plaintiff's motion for injunctive relief, Dkt. 131, is DENIED.

Entered October 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge