IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                      Plaintiff,                                    PRETRIAL ORDER

   v.

ANGELA MINK,                                                    19-cv-1001-jdp

                    Defendant.

---

      Plaintiff Glenn T. Turner contends that defendant psychologist Angela Mink failed to follow up with him for months on his reports of depression and anxiety. Turner brings an Eighth Amendment medical care claim against Mink.

      Trial was set for December 11, 2023, but a scheduling conflict with another trial will force us to amend the schedule. I intend to have Magistrate Judge Stephen L. Crocker conduct the voir dire and pick the jury on Monday, December 11, with me presiding over the trial itself on Wednesday, December 13. I will hold a final pretrial conference by video on November 30, 2023, at 1:00 p.m.

      This order addresses the parties' motions in limine. Dkts. 123 and 134 (Turner's); Dkt. 146 (Mink's). Also, I have attached drafts of the introductory jury instructions and voir dire in advance of the November 30 conference. Counsel for defendants is directed to ensure that WSPF staff print a copy of this order and the attached documents so that Turner has them in advance of the conference.

A. **Turner's motions**

      Turner filed a document containing his motions in limine before I ruled on defendants' summary judgment motion. Dkt. 123. In my summary judgment opinion I stated that his filing

was premature but that I would not strike it from the record. Dkt. 126, at 18. I warned Turner that if he sought to revise his motions in limine he would have to submit a brand-new version of the document completely replacing what he had already filed. *Id.*

Turner has now filed a new set of motions in limine. Dkt. 134. There isn't much overlap between the motions in Turner's two filings. But most of the motions he filed before summary judgment were about events concerning claims that I dismissed at summary judgment, and Turner has properly focused his new filing on events directly related to his Eighth Amendment claim set for trial. I will deny Turner's first set of motions as mooted by his second set, and I will address his second set only.

1. **Motions regarding disputed issues of fact**

Turner's second set of motions in limine contains 14 separate requests. But for most of them (Nos. 1–3, 5–6, and 9–14), Turner asks to bar Mink from presenting evidence regarding various factual disputes. He does not support those motions with arguments explaining why particular factual assertions by defendants should be excluded under the Federal Rules of Evidence. It appears that Turner considers some of these issues settled by the summary judgment submissions, but that is not so. At trial each side is free to present evidence supporting their case. Turner will have the opportunity to cross-examine witnesses or object to specific evidence adduced by Mink. I will deny each of those motions in limine.

2. **Damages**

Turner's fourth motion in limine asks to bar Mink from providing evidence or arguing that that he did not suffer any injury as a result of Mink's actions or inactions. As with his other motions he doesn't explain why such evidence or argument should be excluded. So I will deny that motion.

Mink has filed a parallel motion in limine about Turner's injuries, seeking to exclude "any argument, questions, testimony or evidence regarding permanence, future care and treatment, or future pain and suffering." Dkt. 146, at 5. I will grant this motion, with a clarification. There isn't any reason to think that Turner himself has the knowledge or expertise to analyze medical records or to testify about whether Mink's actions or inactions in 2016 caused him specific injuries that will affect him in the future. But Turner may describe his own understanding of his mental and physical health and his personal experiences during and after the events in question. He can describe any physical or mental symptoms he experienced. He may also cross-examine Mink's witnesses, if any, who testify about causation or Turner's future care.

In her response to Turner's motion, Mink adds that if Turner is unable to show that he was physically harmed, she will move the court to enter an order excluding compensatory damages for mental or emotional injury under 42 U.S.C. § 1997e(e). As I stated in the court's trial preparation order, Dkt. 139, a plaintiff who is a prisoner at the time he files a lawsuit may recover damages for emotional harm only if he proves that he suffered a physical injury because of the defendant's conduct. If Turner cannot prove that he was physically harmed, he would be limited to potential punitive damages and $1 in nominal damages.

### 3. Gang affiliation

In his seventh and eighth motions, Turner seeks to exclude any mention of gangs (known in the DOC as "security threat groups") or the DOC's designation of Turner as belonging to the Gangster Disciples or any other gang. Mink has filed a parallel motion to allow her to introduce evidence of Turner's affiliation with the Gangster Disciples, in particular a 2016 conduct report alleging that he was a leader in the Gangster Disciples. In those

3

proceedings, Turner was convicted of three counts including "group resistance and petitions" and "unauthorized forms of communication." *See* Dkt. 148-1.

As I am aware from this and other cases, Turner has spent long stretches of his sentence in administrative segregation because of his designation as a gang leader and repeated disciplinary convictions related to gang communications. Mink contends that because Turner will be arguing that his long-term placement in segregation causes his mental health problems, she should be able to introduce evidence of the reasons justifying his long-term isolation. She also states that she will be arguing that Turner did not actually have a serious mental health need but rather "utilized PSU as a way to object to security decisions." Dkt. 146, at 8. Turner followed with a motion to take judicial notice of a 2023 administrative grievance proceeding in which examiners rescinded the confiscation of certain books that staff initially thought were related to gangs. Dkt. 151.

I will reserve a final decision on the parties' parallel motions until hearing from the parties at the November 30 pretrial conference, but my initial inclination is to bar Mink under Federal Rule of Evidence 403 from identifying Turner as a gang member. Evidence of gang affiliation always has the potential to be prejudicial and inflammatory, because a jury is likely to associate gang membership with a propensity for violence, dishonesty, or other deviant behavior. *See United States v. Alviar*, 573 F.3d 526, 536 (7th Cir. 2009) ("We have recognized there is substantial risk of unfair prejudice attached to gang affiliation evidence."). And although Turner's long-term segregation is relevant to his claim, it is unclear why the *reasons* for that segregation are relevant. Also, I don't want this case about mental health care to devolve into a mini-trial on whether Turner really is part of the Gangster Disciples when that issue has such little relevance. I will deny Turner's motion for judicial notice regarding his

4

grievance for this reason and because that grievance doesn't actually prove that DOC officials have wrongly considered him a gang leader.

**B. Mink's motions**

I have already addressed Mink's fourth and sixth motions in limine.

### 1. Reference to other acts or legal proceedings

In her first two motions, Mink seeks to exclude reference to other legal proceedings, inmate complaints, accusations involving Mink's personnel files, or other lawsuits against the Department of Corrections or its employees. Turner states that he "has no intentions to submit evidence of [Mink's] prior bad acts" but adds that she "should be required to produce any and all relevant evidentiary material" about Mink falsifying psychological records or denying care. Dkt. 152, at 1.

I will grant Mink's motions in limine as unopposed, with the exception that the parties may present evidence about grievances specifically about the events in question. Turner's request for Mink to disclose information to him isn't a motion in limine. That request should have been made using formal discovery methods before the close of discovery.

### 2. Turner's prior conviction

In her third motion, Mink seeks a ruling allowing counsel to ask Turner about his 1992 conviction for first-degree intentional homicide. Turner states that Mink cannot use this conviction because it is beyond the ten-year limit under Rule 609(b); but that exception does not apply because Turner is still serving his life sentence for that conviction. *See* Rule 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.").

5

But as I have ruled in a previous trial of Turner's, I will not allow Mink to elicit that Turner has been convicted of homicide. *Turner v. Brown*, No. 17-cv-764-jdp, 2019 WL 4640676, at *2 (W.D. Wis. Sept. 24, 2019) ("Turner's homicide conviction from more than 25 years ago is not particularly probative of his character for truthfulness, and revealing the nature of the conviction to the jury would be highly prejudicial."). Rather, Mink may ask Turner only whether he is serving a sentence for a felony conviction. Mink should redact any reference to the homicide conviction from the exhibits that she intends to use at trial.

**C. Reference to the summary judgment decision**

In her fifth motion, Mink asks to exclude any reference to the court's summary judgment decision in case No. 17-cv-203-jdp, in which I severed Turner's claim against Mink from that case and consolidated it with Turner's similar mental health care claims in this lawsuit. *See Turner v. Boughton*, No. 17-cv-203-jdp, 2021 WL 1200597, at *1 (W.D. Wis. Mar. 30, 2021). Turner argues that he should be allowed to refer to my opinion. He is incorrect. My rulings on the summary judgment motions in the '203 case and this case are not evidence. The jury is the finder of fact at trial, and the parties must start from scratch in presenting their evidence at trial; they cannot rely on my discussions of any factual events in previous orders. I will grant Mink's motion to exclude mention of those opinions.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner's first set of motions in limine, Dkt. 123, is DENIED as moot.

2. The parties' motions in limine, Dkts. 134 and 146, are GRANTED in part and DENIED in part, as set forth above. The court reserves a ruling on the parties' motions in limine regarding plaintiff's gang affiliation.

3. Plaintiff's motion for judicial notice, Dkt. 151, is DENIED.

Entered November 22, 2023.

                                          BY THE COURT:

                                          /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge